MARY McGUFFIN, RESPONDENT, *v.* THE CITY OF COHOES, APPELLANT.

*Charter of Cohoes — chap.* 912 *of* 1869 — *limitation of actions against — negligence.*

Section 5 of title 13 of the charter of Cohoes (chap. 912 of 1869) providing that " no action against the city on a contract, obligation or liability, express or implied, shall be commenced, except within one year after the cause of such action shall have accrued," construed with reference to the other provisions of that title, does not apply to an action to recover damages for injuries occasioned by the negligence of the defendant.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover damages alleged to have been sustained by injuries occasioned through the negligence of the defendant in not keeping its sidewalks in good repair.

The defense was that the action had not been commenced within one year after the cause of action had accrued as required by the charter of the city (chap. 912 of 1869).

*Matthew Hale*, for the appellant.

*N. P. Hinman*, for the respondent.

LEARNED, P. J. :

This case affords another illustration of the evil which arises from carelessly drawn statutes. The legislature did not clearly express their meaning, if they had any, on the question now presented. That is, whether the words, " No action against the city on a contract, obligation or liability, express or implied, shall be commenced except within one year after the cause of such action shall have accrued," apply to an action to recover damages for injuries occasioned by the negligence of the defendants.

The words are found in the charter, Session Laws 1869, chapter 912, title 13, section 5. The title is, " City Expenditures." Section 1, says : " No account, claim or demand shall be audited, allowed or paid by the common council, unless the same was duly

authorized by vote." It is plain, then, that in this section the words, "account, claim or demand" are limited to matters of contract, previously authorized by vote. Although the word "demand" is often of the most general signification, it does not, in this instance, include a right of action for negligence, because such a right of action could not be said to have been "authorized by vote." This is also seen by the preceding part of the section, which forbids the contracting of any debts without special authority from the common council.

Section 5 begins by saying: "All accounts, claims and demands against the city must be presented to the common council in writing." It is a reasonable construction to understand the words "accounts, claims and demands" in this section to have the same meaning with the words "account, claim or demand" in section 1 of the same title. And these have been already shown to apply solely to matters of contract "duly authorized by vote." The section then speaks of "the several items;" of an affidavit showing the rendering of services, or making disbursements, etc., and that no item has been audited. This is language applicable rather to matters of contract and of account than to a claim for damages by reason of tort. The claim is to be referred to the "appropriate committee." This indicates that it is a claim arising out of the lawful action of the city; not out of its neglect of duty.

The disallowance of any claim, or of a part thereof, is made a bar unless an action be brought within six months from the auditing. And then the section concludes with the words above quoted, which are the city's defense in this case. And the question comes up, does a fair construction of this whole title show that these words apply to actions for tort like the present. The answer must depend on the general scope of the title. As has been shown above, this seems to refer to the ordinary and proper business of the city; to its "expenditures;" its necessary contracts, express or implied; its liabilities incurred in the due discharge of municipal business. It does not seem to refer to its malfeasance; its neglect of duties; its torts.

True, a neglect of duty causes a "liability;" and even "obligations," according to the civilians, arise from tort. But, in this place, these words must be construed according to the subject-

matter of the whole title. It is not to be supposed that they were to have a wider extent than the rest of the title indicates.

So far as the construction already given to a charter, similar but not identical in language, affords any light, the case of *Howell* v. *Buffalo* (15 N. Y., 512) supports the view above taken.

It may be said truly that this construction makes the word " liability " surplusage. That is nothing unusual in statutes. On the construction claimed by the defendants, no effect can be given to the whole clause : " on a contract, obligation or liability, express or implied." It would have been enough to say : " No action against the city shall be commenced except," etc. There was no reason for the qualifying clause, if actions of all kinds were to be barred by this provision. Both the plaintiff and the defendant refer to section 91 of the Code ; yet the decision of this question should depend not on what the words " obligation and liability " would include, or do include, in some other statute, and in one treating of the subject of limitations. It should rather depend on what they are fairly to be supposed to include, in this place, taking them in connection with the subject of this legislation, the special topic of this title.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.